[*Special Term, March,* 1871.]

IN RE MAGGIE KRUSE.

The commitment by the Probate Court, under the act of May 5, 1869 (O. L. vol. 66, p. 110), of the relator to the State Reform School at the White Sulphur Springs, is void when it appears that she was over sixteen years of age at the time of the commitment.

Any power conferred on the trustees of the reform school to discharge an inmate, does not operate to restrict the jurisdiction of a court in

habeas corpus to inquire into the cause of detention and to order a discharge in a proper case.

*Champlin,* for relator.

*Ampt,* for State.

HAGANS, J. It seems that Maggie Kruse, both her parents being dead, was committed to the State Reform School at White Sulphur Springs, Ohio, by the Probate Court of this county, on November 25, 1870, as is alleged under the act of May 5, 1869 (66 O. L., p. 110); that Pauline Pross, who was in a sense her foster-mother, being about to die, sent for the relator, who came to visit her with the approval of the authorities of the school and on the promise of return; that after the death of Pauline Pross, the relator being in the Probate Court, voluntarily, as upon an escape, the judge thereof ordered her into the custody of the sheriff, to be returned to the reform school. Thereupon the writ was sued out, and the return of the sheriff contains substantially the facts stated.

The record of the proceedings in the Probate Court was produced, which showed the requirements of section 7 of the act referred to were complied with, and upon the testimony of E. Craven and Anna White, who swore the relator was under sixteen years of age, she was committed as aforesaid. There appears no examination of the girl herself.

On the hearing before this court, the relator testified that she had been informed by Pauline Pross, on her death bed, that she was born in September, 1852, and was therefore over sixteen years of age when she was committed. This fact of her age is stated also by her aunt, Mrs. Phillips, who was present at her birth on September 18, 1852, and that the mother of the relator had so entered the birth in the family Bible, which entry the witness had seen. Mrs. Belsher testified she knew the relator more than eighteen years ago, when a small baby some six weeks old. George

In re Maggie Kruse.

Jeffries knew her about fifteen years ago, when three or four years old; and another witness testified to the declaration as to the relator's age, made by Pauline Pross before her death. There was no testimony to contradict these statements. It seems from the statements of the relator that Mrs. Pross, who was a notorious courtesan, procured her commitment, knowing it was illegal, and Maggie herself, though present in the Probate Court when Craven and Anna White were examined, heard nothing of what passed, asked no questions, and was asked none, and supposed she was to be sent to boarding school. Mrs. Pross evidently meant in all her treatment of her, perhaps in having her sent to the reform school, to separate her widely from the life of shame she was herself leading. She had before this sent her to school at various places, all of which opportunities she seems to have improved. All those who have been brought into intercourse or contact with her, as well as the authorities of the reform school, speak in high terms of her bearing and conduct.

It has been held in Ohio, *ex parte Stephen M. Shaw*, 7 Ohio St. 81, that a habeas corpus can not be used as a summary process to review the errors or irregularities in the sentence of a court of competent jurisdiction in a criminal case. Certainly the probate judge was authorized to commit the relator to the reform school upon the evidence he had, and I can not sit to reverse any alleged error or irregularity in his proceedings so far as shown by the record.

This writ is, however, a searching and inquisitorial process; and if it appear that the proceedings and commitment were the result of a want of jurisdiction or a jurisdiction illegally asserted, it follows the sentence of commitment is void and without the authority of the law, even in a criminal case. The proceeding in the Probate Court was not a criminal prosecution, and the relator was not convicted of any crime. This seems to be a case clearly within one of the provisions of our habeas corpus act. 1 S. & C.

681. " This proceeding in the Probate Court is purely statutory, and the commitment not designed as a punishment for crime, but simply to place minors of the description and for the causes specified in the statute under the guardianship of the public authorities for proper care and discipline." *Prescott* v. *The State,* 19 Ohio St. 184.

In this case, as in the case just cited, the record can only be regarded as *prima. facie* evidence of the fact of the age of the relator. She was not arrested for any crime and brought before the Probate Court, in which case only she would have been entitled to a jury. The provisions of section 7 do not provide for a trial in the legal sense in cases like the present. No provision is made for a defense, though perhaps a defense could be made. In fact it has not many of the requisites of a judicial proceeding. And a case might readily occur of the commitment of a person on a false and groundless charge, or a person over sixteen years of age, who might be ignorant as to that fact, who would be as helpless as this girl seems to have been.

As intimated, I think the testimony conclusive that at the time of the commitment by the Probate Court the relator was more than sixteen years of age, and section 7 of the act referred to limits the commitment to persons under that age.

It is said that section 8 of this act confers upon the trustees of the reform school the exclusive authority or right to discharge an inmate when once committed. But, as was well said by the Supreme Court, in 19 Ohio St. 184, that section can not " operate to restrict the power of a court, invested by the constitution with jurisdiction in habeas corpus, from inquiring fully into the cause of the detention of a person restrained of his liberty."

There are other points in this case to which authorities are cited, but in the views I have expressed they are unnecessary to be commented upon.

The relator is discharged.